Civil Case No. 08-cv-01815 (VM)
*Consolidated with 08-cv-01286 (VM) (Lead Case)*

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

---

Avram Ninyo, Merle Root, and David Flair,

*Appellants,*

v.

Calpine Corporation, et al.

*Appellees.*

---

*Appeal from the United States Bankruptcy Court
for the Southern District of New York*

In re Calpine Corporation, et al., *Debtors*,
Case No. 05-60200 (BRL) (Jointly Administered)

## APPELLANTS' BRIEF

Forman Holt Eliades & Ravin LLC
Joseph M. Cerra (JMC-0903)
888 Seventh Avenue
New York, New York 10106
Tel:  (212) 707-8500
Fax: (212) 707-8511

80 Route 4 East, Suite 290
Paramus, NJ 07652
Tel: (201) 845-1000
Fax: (201) 845-9112
*Attorneys for David Flair,
Avram Ninyo and Merle Root*

## TABLE OF CONTENTS

Table of Authorities ................................................................................. iii

I.  Statement of Appellate Jurisdiction .................................................. 4

II.  Issues on Appeal ............................................................................ 5

III.  Standard of Review ....................................................................... 6

IV.  Statement of the Case .................................................................... 7

    A.  Nature of the Case ................................................................... 7

    B.  Course of Proceedings ............................................................. 7

    C.  Statement of Facts ................................................................... 8

V.  Argument ...................................................................................... 9

    I.  The Appellants Were Denied Due Process by the Approval of the Modification and Confirmation Orders Without Notice ................ 9

        A.  Due Process and the Bankruptcy Code Require that the Appellants Receive Notice of Material Modification to the Plan of Reorganization ............................................... 9

        B.  The Modifications that Resulted in the Sixth Amended Plan were Material and Adversely Changed the Treatment of the Appellants' Interests ....................... 9

        C  The Appellants' Due Process Rights Override the Finality of the Confirmation Order ........................... 10

    II  The Bankruptcy Court Denied the Appellants a Full and Fair Valuation Hearing Through the Improper Use of its Expert as a Mediator and Failed to Independently Examine Whether the Debtors Satisfied the Confirmation Requirements ............................ 10

    III.  The Appellants were Entitled to Discovery on their Motion to Reconsider .................................................................... 11

    IV.  The Dahlman and Lehman Reports are Admissible Pursuant to the Market Reports Exception to the Hearsay Rule ........................... 11

Conclusion ................................................................................................12

## TABLE OF AUTHORITIES

<u>**Cases:**</u>

*Bourne v. Northwood Properties, LLC (In re Northwood Properties, LLC)*
509 F.3d 15 (1st Cir. 2007)..............................................................................5

<u>**Statutes:**</u>

11 U.S.C. §158(a)……………………………………………………………………..4

11 U.S.C. §1129(a) & (b)……………………………………………………………5

11 U.S.C. §1129(a)(2)………………………………………………………………5

11 U.S.C. §1129(a)(3)………………………………………………………………5

11 U.S.C. §1129(a)(7)………………………………………………………………5

11 U.S.C. §1129(b)…………………………………………………………………..5

## PRELIMINARY STATEMENT

David Flair, Avram Ninyo and Merle Root (collectively, the "Individual Appellants"), holders collectively of nearly 3,000,000 shares of common stock of the Debtor, Calpine Corporation ("Calpine" or the "Debtors")[1], hereby appeal from five orders, relating to the confirmation of the Debtors' Sixth Amended Plan of Reorganization, entered by the United States Bankruptcy Court for the Southern District of New York (Lifland, U.S.B.J.) in the Debtors' jointly administered bankruptcy proceeding (05-60200). The Individual Appellants seek review of:

- *Findings of Fact, Conclusions of Law, and Order Confirming Sixth Amended Joint Plan of Reorganization Pursuant to Chapter 11 of the Bankruptcy Code,* entered on December 19, 2007 (the "Confirmation Order") (Bankr. Docket No. 7256; *Appellants' Designation of Items Comprising Record on Appeal No. 157 in 08-cv01286).*[2]

---

[1] The plan of reorganization was submitted by Calpine Corporation and over 250 related debtors.

[2] The appeal of the Individual Appellants has been previously consolidated with the pending appeal in *Compania Internacional Financiera, S.A., et al. v. Calpine Corporation, et al., Docket No. 08-cv-01286.* For the Court's convenience, references in this brief to the Statement of Items Comprising the Appeal will be to the Statement filed in 08-cv-01286.

- *Order Approving Motion Seeking Approval of Immaterial Modifications to the Debtors' Joint Plan of Reorganization Without Need for Further Solicitation of Votes,* entered on December 19, 2007 (the "Modification Order") (Bankr. Docket No. 7253; *Appellants' Designation of Items Comprising Record on Appeal No. 156 in 08-cv01286.*

- *Order Denying Motion for Reconsideration of the Confirmation Order and Modification Order* entered on January 15, 2008 (the "Reconsideration Order") (Bankr. Docket No. 7404; *Appellants' Designation of Items Comprising Record on Appeal No. 186 in 08-cv01286);*

- *Bench Order Denying Application for Limited Production of Documents,* issued by the Court on January 8, 2008; and

- *Order Striking Analysts' Reports* entered on the record at the hearing on the Motion for Reconsideration (Bankr. Docket No. 7519, *Appellants' Designation of Items Comprising Record on Appeal No. 198 in 08-cv01286*).

This appeal arises from the secretive and hasty proceedings, conducted over the span of 48 hours, which culminated with the entry of the Confirmation Order and the Second Modification Order on December 19,

2007.  The Confirmation Order confirmed the Debtors' Sixth Amended Joint Plan for Reorganization, which the Debtors proposed on the date of the Reorganization Hearing without any notice to claimants or shareholders, including the Individual Appellants, in transparent violation of their constitutional right to due process.

The Bankruptcy Court immediately confirmed this Sixth Amended Plan, literally only minutes old, along with an Order approving "immaterial" modifications to the previously proposed plan -- without providing any of the affected shareholders with a genuine opportunity to be heard.  Within a short span of hours, the value of nearly 500,000,000 million shares of Calpine common stock was wiped out.  The Individual Appellants, lacking the means and commercial stature of the other interest parties, were summarily deprived of property rights without any effort to notify them, or similarly situated parties, of what was transpiring.

As if this were not enough, the Official Committee of Equity Security Holders (the "Equity Committee"), which was appointed by the United States Trustee to represent the interests of the shareholders, and which repeatedly advised all shareholders that it would protect their interests, sat silently back and allowed all this to happen without once raising an objection to the obviously infirm procedures.

3

A review of the docket proves just how swiftly "justice" was meted out in these proceedings. On the morning of December 19, 2007, the Debtors filed their Sixth Amended Joint Plan for Reorganization, which "noticed" an objection deadline for nine o'clock on that very day, along with a hearing for an hour later *(See Bankruptcy Docket ##7235-7241)*. Needless to say the Individual Appellants, and numerous other similarly situated persons and entities, remained completely unaware of what was transpiring while being led to believe that the Equity Committee was actually advancing and protecting their interests. The Bankruptcy Court signed and entered the Confirmation and Second Modification Orders *(Bankruptcy Docket Entries ##1253 and 1256)* immediately after the hearing on December 19, 2007. Unfortunately, the Individual Appellants gained their first inkling of what had transpired two days later, when the Confirmation and Second Modifications Orders arrived in their holiday mail.

## STATEMENT OF APPELLATE JURISDICTION

This Court possesses appellate jurisdiction over "final judgments, orders, and decrees ... of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under section 157 of [Title 28 of the United States Code]." 11 U.S.C. §158(a). Bankruptcy court orders which confirm a debtor's plan, and related orders, are appealable as a matter

of right under Section 158(a).  *See Bourne v. Northwood Properties, LLC (In re Northwood Properties, LLC)*, 509 F.3d 15, 21 (1st Cir. 2007).

## ISSUES ON APPEAL

The Individual Appellants join in the Statement of Issues on Appeal as set forth by the Appellants in the Consolidated Appeal.  As stated by their brief, these issues are:

1.   *Whether the Bankruptcy Court erred as a matter of law in confirming the Debtors' Sixth Amended Plan[3] without requiring or affording Appellants reasonable notice and an opportunity to object thereto.*

2.   *Whether the Bankruptcy Court erred as a matter of law in entering the Modification Order without requiring or affording Appellants reasonable notice and an opportunity to object thereto.*

3.   *Whether the Bankruptcy Court erred as a matter of law in concluding that the changes to the Sixth Amended Plan were immaterial.*

4.   *Whether the Bankruptcy Court erred as a matter of law in confirming the Debtors' Sixth Amended Plan, when the Sixth Amended Plan violated Sections 1129(a) and (b) of the Bankruptcy Code in that the Plan failed to meet the (a) solicitation and compliance requirements of 11 U.S.C. § 1129(a)(2); (b) good faith requirement of 11 U.S.C. § 1129(a)(3); (c) best interest test codified in 11 U.S.C. § 1129(a)(7); or (d) absolute priority rule codified in 11 U.S.C. § 1129(b).*

---

[3] The Sixth Amended Plan described refers to the *Debtors' Sixth Amended Joint Plan of Reorganization Pursuant to Chapter 11 of the United States Bankruptcy Code*, filed on December 19, 2007 (Dkt. No. 7237; App. Rec. No. 145).

5.    *Whether the Bankruptcy Court erred as a matter of law in confirming the Sixth Amended Plan without sufficient evidence on the record that the Plan met the confirmation standards and with all evidence of the Debtors' valuation filed under seal.*

6.    *Whether the Bankruptcy Court abused its discretion in denying the Appellants' Motion to Reconsider the Confirmation Order and the Modification Order.*

7.    *Whether the Bankruptcy Court abused its discretion in denying the Appellants' limited request for production of documents from the Debtors in connection with the Motion to Reconsider.*[4]

8.    *Whether the Bankruptcy Court erred in striking the Dahlman Rose & Co. and Lehman Brothers' analyst reports from the Appellants' reply memorandum of law in support of their Motion to Reconsider.*[5]

## STANDARD OF REVIEW

In order to avoid duplicative briefing which would address substantially the same points already addressed by the Appellants in the Consolidated Appeal, the Individual Appellants adopt the statement of the Standard of Review set forth by those Appellants in at pages three through five of their Opening Brief.  For the convenience of the Court and the

---

[4] The Bankruptcy Court's oral decision on this matter was made in a Chambers conference on January 8, 2008, relating to the Appellants' *Ex Parte Motion to Shorten Time Pursuant to Fed. R. Bankr. P. 9006(c)(1) and Local Bankruptcy Rule 9006-1(a) with respect to Request for Production of Documents by Debtors* (Dkt. No. 7329; App. Rec. No. 171).  No formal order was entered by the Bankruptcy Court.

[5] The Bankruptcy Court's oral decision to strike as inadmissible hearsay the Dahlman Rose & Co. and the Lehman Brothers' analyst reports was entered on the record at the hearing on the Reconsideration Motion on January 15, 2008.  *See* App. Rec. No. 198 at 15-16.

parties, that statement is hereby adopted as if set forth at length here so as to avoid what would be substantially the same statement as to the appropriate standards of review to be applied by this Court to this appeal.

## STATEMENT OF THE CASE

### A.    Nature of the Case

For the purpose of avoiding duplication of efforts by the parties and the Court by setting forth a statement of the Nature of the Case which would be substantially similar to the Nature of the Case set forth by the Appellants in the Consolidated Appeal, the Individual Appellants adopt the Nature of the Case as set forth by those Appellants at pages five through ten of their Opening Brief.   For the convenience of the Court and the parties, that statement is hereby adopted as if set forth at length here so as to avoid what would be substantially the same statement as to the Nature of the Case pertaining to this appeal.

### B.    Course of Proceedings

For the purpose of avoiding duplication of efforts by the parties and the Court by setting forth a statement of the Course of Proceedings which would be substantially similar to the Course of Proceedings set forth by the Appellants in the Consolidated Appeal, the Individual Appellants adopt the Course of Proceedings as set forth by those Appellants at pages ten through

thirteen of their Opening Brief.  For the convenience of the Court and the parties, that statement is hereby adopted as if set forth at length here so as to avoid what would be substantially the same statement of the course of the proceedings pertaining to this appeal.

### C.    <u>Statement of Facts</u>

For the purpose of avoiding duplication of efforts by the parties and the Court by setting forth a statement of the Statement of Facts which would be substantially similar to the Statement of Facts set forth by the Appellants in the Consolidated Appeal, the Individual Appellants adopt the Statement of Facts set forth by those Appellants at pages thirteen through thirty of their Opening Brief.  For the convenience of the Court and the parties, that statement is hereby adopted as if set forth at length here, so as to avoid what would be substantially the same statement of the facts which pertain to this appeal.

## ARGUMENT

## POINT I

## THE INDIVIDUAL APPELLANTS WERE DENIED DUE PROCESS BY THE APPROVAL OF THE MODIFICATION AND CONFIRMATION ORDERS WITHOUT NOTICE

**A.    Due Process and the Bankruptcy Code Require That The Individual Appellants Receive Notice of Material Modifications to the Plan of Reorganization**

The Individual Appellants adopt the legal argument set forth on pages thirty through thirty-two of the brief filed by the Appellants in the Consolidated Appeal.   For the convenience of the Court and the parties, that argument is hereby adopted as if set forth at length here, so as to avoid what would be substantially the same argument which pertains to this appeal.

**B.    The Modifications That Resulted in the Sixth Amended Plan Were Material and Adversely Changed the Treatment of the Individual Appellants' Interests**

The Individual Appellants adopt the legal argument set forth on pages thirty-three through thirty-six of the brief filed by the Appellants in the Consolidated Appeal.   For the convenience of the Court and the parties, that argument is hereby adopted as if set forth at length here, so as to avoid what would be substantially the same argument which pertains to this appeal.

C.    **The Individual Appellants' Due Process Rights Override the Finality of the Confirmation Order**

The Individual Appellants adopt the legal argument set forth on pages thirty-six through thirty-seven of the brief filed by the Appellants in the Consolidated Appeal.   For the convenience of the Court and the parties, that argument is hereby adopted as if set forth at length here, so as to avoid what would be substantially the same argument which pertains to this appeal.

## POINT II

### THE BANKRUPTCY COURT DENIED THE INDIVIDUAL APPELLANTS A FULL AND FAIR VALUATION HEARING THROUGH THE IMPROPER USE OF ITS EXPERT AS A MEDIATOR AND FAILED TO INDEPENDENTLY EXAMINE WHETHER THE DEBTORS SATISFIED THE CONFIRMATION REQUIREMENTS

The Individual Appellants adopt the legal argument set forth on pages thirty-seven through thirty-nine of the brief filed by the Appellants in the Consolidated Appeal.   For the convenience of the Court and the parties, that argument is hereby adopted as if set forth at length here, so as to avoid what would be substantially the same argument which pertains to this appeal.

## POINT III

## THE BANKRUPTCY COURT ERRED BY DENYING REQUESTS FOR DISCOVERY IN CONNECTION WITH THE MOTION FOR RECONSIDERATION

The Individual Appellants adopt the legal argument set forth on pages forty through forty-one of the brief filed by the Appellants in the Consolidated Appeal. For the convenience of the Court and the parties, that argument is hereby adopted as if set forth at length here, so as to avoid what would be substantially the same argument which pertains to this appeal.

## POINT IV

## THE DAHLMAN AND LEHMAN REPORTS ARE ADMISSIBLE PURSUANT TO THE MARKET REPORTS EXCEPTION TO THE HEARSAY RULE

The Individual Appellants adopt the legal argument set forth on pages forty-one through forty-three of the brief filed by the Appellants in the Consolidated Appeal. For the convenience of the Court and the parties, that argument is hereby adopted as if set forth at length here, so as to avoid what would be substantially the same argument which pertains to this appeal.

## CONCLUSION

WHEREFORE, the Individual Appellants respectfully request that the Court order:

(i) the issuance and reservation of an additional three hundred million shares from the one billion five hundred million shares authorized under the Sixth Amended Plan pending a full and fair valuation hearing on remand;

(ii) that the modifications resulting in the Sixth Amended Plan were material and remand to the Bankruptcy Court for a hearing on reasonable notice for the Individual Appellants to present their objections to the Sixth Amended Plan;

(iii) that reasonable discovery in connection with the Individual Appellants' plan objections is permissible;

(iv) that the Dahlman Rose & Co. and Lehman Brothers market reports are admissible; and

(v) that to the extent the court on remand determines that the value of the New Calpine Common Stock distributed to the creditors under the Sixth Amended Plan exceeds the amount of their debt, the excess value, in the form of New Calpine Common Stock, be distributed to former shareholders.

Dated:      March 10, 2008
            New York, New York

                              Respectfully submitted,

                              FORMAN HOLT ELIADES &
                              RAVIN LLC

                              By: _____
                                  Joseph M. Cerra (JMC-0903)
                                  888 Seventh Avenue
                                  New York, New York 10106
                                  Tel:  (212) 707-8500
                                  Fax: (212) 707-8511

                                  80 Route 4 East, Suite 290
                                  Paramus, NJ 07652
                                  Tel: (201) 845-1000
                                  Fax: (201) 845-9112
                                  *Attorneys for David Flair,*
                                  *Avram Ninyo and Merle Root*

*M:\LIT\CALPINE\AppealBrief\Brief.doc*