Civil Case No. 08-cv-01815 (VM)
*Consolidated with 08-cv-01286 (VM) (Lead Case)*

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

---

Avram Ninyo, Merle Root, and David Flair,

*Appellants,*

v.

Calpine Corporation, et al.

*Appellees.*

---

*Appeal from the United States Bankruptcy Court
for the Southern District of New York*

In re Calpine Corporation, et al., *Debtors,*
Case No. 05-60200 (BRL) (Jointly Administered)

### APPELLANTS' REPLY BRIEF

Forman Holt Eliades & Ravin LLC
Joseph M. Cerra (JMC-0903)
888 Seventh Avenue
New York, New York 10106
Tel: (212) 707-8500
Fax: (212) 707-8511

80 Route 4 East, Suite 290
Paramus, NJ 07652
Tel: (201) 845-1000
Fax: (201) 845-9112
*Attorneys for David Flair,
Avram Ninyo and Merle Root*

# TABLE OF CONTENTS

Table of Authorities ................................................................................................ ii

Preliminary Statement ............................................................................................. 1

Argument ................................................................................................................ 4

    I.    The Individual Appellants Have Standing Before This Court ............... 6

    II    The Individual Appellants Diligently Sought a Stay From the Bankruptcy Court, As Well As the District Court ....................... 11

Conclusion ............................................................................................................ 13

# TABLE OF AUTHORITIES

**Cases:**

*Brady v. Andrew(In re Commercial W. Fin. Corp.)*,
761 F.2d 1329 (9th Cir. 1985) ..................................................................................7

*Heine v. Finley, Kumble, Wagner, Heine, Underberg, Manley,
Myerson & Casey (In re Finley, Kumble, Wagner, Heine,
Underberg, Manley, Myerson & Casey)*,
135 B.R. 456 (S.D.N.Y.1992)......................................................................................8

*Johnson v. E.C. Ernst, Inc. (In re E.C. Ernst, Inc.)*,
2 B.R. 757 (S.D.N.Y. 1980).........................................................................................8

*Motorola, Inc. v. Official Comm. of Unsecured Creditors
 (In re Iridium Operating LLC)*,
478 F.3d 452 (2d Cir. 2007)......................................................................................8-9

## PRELIMINARY STATEMENT

David Flair, Avram Ninyo and Merle Root (collectively, the "Individual Appellants"), holders collectively of nearly 3,000,000 shares of common stock of the Debtor, Calpine Corporation ("Calpine" or the "Debtors")[1], submit this brief in reply to the briefs filed on behalf of the Debtors and the Official Committee of Unsecured Creditors (the "Creditors' Committee"). The Debtors and the Creditors' Committee's briefs were filed in opposition to the Appellants' appeal from five orders, relating to the confirmation of the Debtors' Sixth Amended Plan of Reorganization, entered by the United States Bankruptcy Court for the Southern District of New York (Lifland, U.S.B.J.) in the Debtors' jointly administered bankruptcy proceeding (05-60200).

The Individual Appellants seek review of:

- *Findings of Fact, Conclusions of Law, and Order Confirming Sixth Amended Joint Plan of Reorganization Pursuant to Chapter 11 of the Bankruptcy Code,* entered on December 19, 2007 (the "Confirmation Order") (Bankr. Docket No. 7256;

---

[1] The plan of reorganization was submitted by Calpine Corporation and over 250 related debtors.

1

- *Appellants' Designation of Items Comprising Record on Appeal No. 157 in 08-cv-01286).*[2]

- *Order Approving Motion Seeking Approval of Immaterial Modifications to the Debtors' Joint Plan of Reorganization Without Need for Further Solicitation of Votes,* entered on December 19, 2007 (the "Modification Order") (Bankr. Docket No. 7253; *Appellants' Designation of Items Comprising Record on Appeal No. 156 in 08-cv-01286.*

- *Order Denying Motion for Reconsideration of the Confirmation Order and Modification Order* entered on January 15, 2008 (the "Reconsideration Order") (Bankr. Docket No. 7404; *Appellants' Designation of Items Comprising Record on Appeal No. 186 in 08-cv-01286);*

- *Bench Order Denying Application for Limited Production of Documents,* issued by the Court on January 8, 2008; and

- *Order Striking Analysts' Reports* entered on the record at the hearing on the Motion for Reconsideration (Bankr. Docket No.

---

[2] The appeal of the Individual Appellants has been previously consolidated with the pending appeal in *Compania Internacional Financiera, S.A., et al. v. Calpine Corporation, et al.,* Docket No. 08-cv-01286. For the Court's convenience, references in this brief to the Statement of Items Comprising the Appeal will be to the Statement filed in 08-cv-01286.

7519, *Appellants' Designation of Items Comprising Record on Appeal No. 198 in 08-cv-01286*).

3

# **ARGUMENT**

In this highly controversial reorganization, the Individual Appellants are representatives of those investors that the media has taken to calling the "Main Street Investors" – the smaller, individual investors whose stock holdings in the Debtors were wiped out, without notice or opportunity to be heard, and without any fact-finding by the Bankruptcy Court to independently establish an actual total enterprise value for the Debtors. They appear before this Court to vindicate their rights, wrongfully compromised through the thoroughly-flawed procedures below, and to stand as a reminder that there are tens of thousands of smaller individual investors, whose expectations in this case were dashed without notice, or even an explanation.

The Individual Appellants are grateful for the effort of the other appellants before this Court in the Consolidated Appeals, who have taken the laboring oar in the substantive briefing pertaining to the many troubling issues created by this flawed reorganization. So as to not burden this Court with cumulative briefing, the Individual Appellants adopt the reply arguments set forth by the Appellants Compania Internacional Financiera, S.A., Coudree Global Equities Fund, Standard Bank of London, and Leonardo Capital Fund SPC. For the convenience of the Court and the

parties, that argument is hereby adopted as if set forth at length here, so as to avoid what would be substantially the same argument which pertains to this appeal.

 The Individual Appellants add only the following point relating to the misplaced argument that they lack standing to appeal from the orders below.

# POINT I

## THE INDIVIDUAL APPELLANTS HAVE STANDING BEFORE THIS COURT

That the Debtors and the Creditors' Committee wrong-headedly argue that this Court should dismiss the appeals, including the Individual Appellants' appeal, for lack of standing, is no surprise. Their position all along has been that the equity holders should be steamrolled and marginalized. The Debtors and the Creditors' Committee engineered material, last-minute changes to the proposed Fourth Plan or Reorganization, and then euchred the Bankruptcy Court to rule that these remarkable changes were "immaterial." Thus, the Debtors and the Creditors' Committee circumvented the requirement to notice the equity holders -- including the small, individual shareholders all over America -- that their holdings in the Debtors were being wiped out by these "immaterial" changes. Thus, their position before this Court is entirely consistent with their position throughout that the shareholders should simply be ignored and marginalized.

Both the Debtors and the Creditors' Committee argue that the Individual Appellants should not be heard because they did not, prior to its entry, object to the terms of the Confirmation Order. Of course, this fact should come as no surprise, as the Appellants had no notice that the Confirmation Order, from which they appeal, had even been tendered to the

6

Court. Nonetheless, despite this glaring hole in their logic, the Debtors and the Creditors' Committee argue the point that a party who did not object to the entry of an order below is barred from appealing the order.

The Debtors and the Creditors' Committee advance this argument in curt fashion without serious analysis. In fact, they unwittingly cite authority which states the general rule, but which immediately then holds that the general rule must be excepted in cases precisely like the one before this Court. In *Brady v. Andrew (In re Commercial W. Fin. Corp.)*, 761 F.2d 1329, 1335 (9th Cir. 1985), cited by the Debtors and the Creditors' Committee, supposedly in support of their argument, the Ninth Circuit held:

> [E]ven though we agree that attendance and objection should usually be prerequisites to fulfilling the 'person aggrieved' standard, the Trustee's failure to give the investors proper notice that the plan avoided their security interests excuses them from fulfilling these prerequisites in the instant case. . . . To then place on the investors the burden of appearing and objecting to a plan when they were not served with the summons, complaint, and notice of trial would produce an anomalous result, i.e., one that would require them to appear at a hearing without first giving them proper notice of that hearing. . . . The investors plainly meet the Fondiller test for persons aggrieved because they are "directly and adversely affected pecuniarily by the order of the bankruptcy court" confirming the plan. The plan eliminated their interests in the borrower notes and deeds of trust and disposed of the assets in the estate from which they seek to be paid. **Because *their grievance is a lack of proper notice, even though none of the investors except Brooks appeared at the confirmation hearing and objected to the plan, we hold that they have standing to appeal.***

7

*Brady v. Andrew (In re Commercial W. Fin. Corp.)*, 761 F.2d 1329, 1335 (9th Cir. 1985) (internal citations omitted and emphasis added). This Court has also found that appellants had standing under similar circumstances. *See Heine v. Finley, Kumble, Wagner, Heine, Underberg, Manley, Myerson & Casey (In re Finley, Kumble, Wagner, Heine, Underberg, Manley, Myerson & Casey)*, 135 B.R. 456 (S.D.N.Y. 1992) (finding that appellant did not lack standing despite failure to timely object); *Johnson v. E.C. Ernst, Inc. (In re E.C. Ernst, Inc.)*, 2 B.R. 757 (S.D.N.Y. 1980) (same).

Taking the Appellees' standing argument to its logical, or more appropriately, its illogical conclusion compels a court to hold that, in order to have appellate standing, a party must appear to challenge entry of an order, even in the absence of notice or an opportunity to be heard. The Appellees have thus unwittingly confessed to the problem that they intentionally caused.

For purposes of this appeal, the Individual Appellants are further entitled to rely upon the objections filed by the Equity Committee, its representatives below. In *Motorola, Inc. v. Official Comm. of Unsecured Creditors (In re Iridium Operating LLC)*, 478 F.3d 452 (2d Cir. 2007), involving a similar set of events to the case at bar, a creditors committee objected to an order recognizing the validity of pre-petition liens. The

creditors committee subsequently settled its objections, leaving an unsecured creditor, who had not formally objected, unprotected. Reversing both the bankruptcy court and the district court, the Second Circuit Court of Appeals held that the unsecured creditor was not estopped from bringing its objection, citing specifically its entitlement to rely upon the creditors committee's previous objection:

> [R]ight up until (and indeed dependent on approval of) the Settlement, there remained significant doubts as to the whether the liens were avoidable under the Bankruptcy Code based on the Committee's court-approved challenge to those purported liens.

*Id.* at 461 n.11. Consistent with this holding, the Individual Appellants are entitled to rely on the objection of the Equity Committee, which had been appointed to protect their interests in these proceedings. There can be no serious dispute that the Individual Appellants have standing to challenge the Confirmation Order and related orders, as they are entitled to rely on the Equity Committee's objections to the Debtors' valuation, and advance those arguments on this appeal.

Finally, a factual house-clearing is necessary. Both Appellees claim that the Individual Appellants were entirely uninvolved in the proceedings below. The Debtors write that the "Flair Appellants" did not seek "a stay before the Bankruptcy Court" *(Db31)*. From that, the Debtors claim that the

9

Individual Appellants "have failed to pursue all available remedies" and thus "cannot overcome the strong presumption that their appeals are moot" *(Db31)*. Similarly, the Creditors' Committee asserts "the Flair Appellants failed to participate in the proceedings below" and thus their appeal "should be dismissed" *(CCB34)*.

The Individual Appellants were not represented by counsel below, but Avram Ninyo and David Flair did appear *pro se*, forwarding correspondences to the Bankruptcy Court by which they joined in the stay application filed by other parties. Candidly, in advancing the argument that the Individual Appellants did not participate below, the Appellees either overlooked the joinder letters or are asking this Court to ignore the usual deference afforded to *pro se* litigants. Instead, the Appellees ask this Court to hold that the Individual Appellants did not participate below because their request to join in the stay motion was not made by way of a *formal* motion. Their observations that the Individual Appellants did not seek a stay below are incorrect and their position that their appeal should be dismissed on this basis is therefore unsupported.

## POINT II

## THE INDIVIDUAL APPELLANTS DILIGENTLY SOUGHT A STAY FROM THE BANKRUPTCY COURT, AS WELL AS THE DISTRICT COURT

The Appellees do not dispute that the Individual Appellants properly sought a stay and an expedited appeal in this Court within three days of retaining counsel and filing their Notice of Appeal. The Individual Appellants moved for (i) Consolidation of Appeals and Joinder to the Emergency Motion of Compania Internacional Financiera, S.A., Coudree Global Equities Fund, Standard Bank of London and Leonardo Capital Fund SPC; (ii) an Expedited Appeal pursuant to Federal Rules of Bankruptcy Procedure 8011 and 8019; and (iii) a Limited Stay Pending Appeal pursuant to Federal Rule of Bankruptcy Procedure 8005 of the Confirmation Order and Second Modification Order. Appellees, perhaps mistakenly, ignore similar joinder motions seeking a stay of, *inter alia*, the Confirmation Order filed by Appellants David Flair and Avram Ninyo, *pro se*, on January 23, 2008[3] in the Bankruptcy Court. (Exhibit "A" and Exhibit "B" to Individual Appellants' Statement of Issues and Designation of Record on Appeal).

---

[3] While Ms. Root did not file a motion for stay in the Bankruptcy Court, it is respectfully submitted that such a motion would be futile as at the time of the filing of the Individual Appellants' Notice of Appeal, the Bankruptcy Court already denied the Appellants' motion for stay in the Bankruptcy Court and a motion for expedited appeal and limited stay was already pending before this Court.

Accordingly, there is no basis for this Court to hold that the appeal of the Individual Appellants is equitably moot.

In all other respects, the Individual Appellants adopt the standing arguments set forth in the brief filed by the Appellants in the Consolidated Appeal.

## **CONCLUSION**

WHEREFORE, the Individual Appellants respectfully request that the Court order:

(i) the issuance and reservation of an additional three hundred million shares from the one billion five hundred million shares authorized under the Sixth Amended Plan pending a full and fair valuation hearing on remand;

(ii) that the modifications resulting in the Sixth Amended Plan were material and remand to the Bankruptcy Court for a hearing on reasonable notice for the Individual Appellants to present their objections to the Sixth Amended Plan;

(iii) that reasonable discovery in connection with the Individual Appellants' plan objections is permissible;

(iv) that the Dahlman Rose & Co. and Lehman Brothers market reports are admissible; and

(v) that to the extent the court on remand determines that the value of the New Calpine Common Stock distributed to the creditors under the Sixth Amended Plan exceeds the amount of their debt, the excess value, in the form of New Calpine Common Stock, be distributed to former shareholders.

Dated:     April 7, 2008
           New York, New York

                                    Respectfully submitted,

                                    FORMAN HOLT ELIADES &
                                    RAVIN LLC


                                    By:  /s/ Joseph M. Cerra
                                         Joseph M. Cerra (JMC-0903)
                                         888 Seventh Avenue
                                         New York, New York 10106
                                         Tel: (212) 707-8500
                                         Fax: (212) 707-8511

                                         80 Route 4 East, Suite 290
                                         Paramus, NJ 07652
                                         Tel: (201) 845-1000
                                         Fax: (201) 845-9112
                                         *Attorneys for David Flair,*
                                         *Avram Ninyo and Merle Root*

M:\LIT\CALPINE\AppealBrief\ReplyBriefIII(Rev).doc